# BALTIMORE CITY COURT

Filed September 26, 1898.

### ISAAC S. FIELD
### VS.
### WILLIAM T. MALSTER, MAYOR OF BALTIMORE CITY, ET AL.

*Thomas Ireland Elliott* and *Frederick T. Dorton* for petitioner.

*John E. Semmes* and *Leon E. Greenbaum* for respondents.

PHELPS, J.—

The petitioner and others were removed from office as members of the Board of Visitors to the Jail of Baltimore City by the defendant, the Mayor of the city, claiming a statutory power of removal, under the Code of Public Local Laws, Article IV, Section 31, which reads as follows:

"All persons holding office under the corporation of the City of Baltimore, shall, unless otherwise provided by law or ordinance, hold their respective offices during the pleasure of the Mayor."

In the recent case of Hooper vs. Farnen, 85 Md. 587, it was decided that the members of the City Board of School Commissioners were not removable by the Mayor, because it was "otherwise provided" by the ordinance under which they held their offices for a fixed and definite term.

The School Board ordinance is found in the first three sections of Article 41 of the City Code of 1893. Section 1 provides for the appointment of the School Commissioners by the two branches of the City Council in convention, and that they "shall continue in office for the terms prescribed in Sections 2 and 3." "The Mayor shall always be ex officio a member of said Board." By Section 2 their "terms of service shall be one, two, three and four years respectively," as fixed by lot. By Section 3 the Commissioners elected in place of those "whose terms of office" expire "shall continue in office for four years."

The present application for a mandamus to compel reinstatement is founded upon the ordinance for the appointment of the Jail Board, codified in Article 29, Section 1, of the City Code, as follows:

"There shall be *biennially appointed* as other city officers are appointed, six citizens of Baltimore, to be called the Board of Visitors to the Jail of Baltimore City, and the Mayor shall be ex officio a member of the board."

The question naturally arising under the foregoing ordinance as to how "other City officers are appointed," is answered in Section 45 of Article 1 of the City Code, as follows:

"All officers of the city, except the Register and any other person holding any office for whom a different term may be prescribed in the ordinance creating such office, shall be appointed biennially in the month of February, and shall enter into their respective offices on the first day of March, immediately following their respective appointments."

It is claimed that the words, *"biennially appointed,"* necessarily imply a term of two years. On the other hand it is claimed that those very words have been denied such implication by a declaratory ordinance. In reply to this it is insisted that the alleged declaratory ordinance has been repealed; to which it is rejoined that the alleged repeal was void, and has been so treated judicially.

The ordinance in question, (called a declaratory ordinance in 85 Md. 598), is codified as Section 46 of Article 1 of the City Code of 1893, in language as follows:

"A term of holding shall not be deemed to be created by any resolution or ordinance so as to affect the power of removal given to the Mayor by Article IV, Section 31 of the Public Local Laws, because such resolution or ordinance may prescribe that such officer or officers may or shall be appointed bi-annually, or in the month of February, or as other city officers are appointed, or by any like expression indicating a periodical duty of appointment, and such words shall not be deemed and taken as 'otherwise providing by law or ordinance,' so as to annul the power of removal intended to be given by said section."

Now, first, we have an ordinance that the Jail Visitors are to be "biennially appointed, as other city officers are appointed." That is all. There is no express provision that the visitors shall hold for a fixed term of two years. That fixed term is to be inferred from the biennial appointment.

But, then, we have another ordinance that a term of holding is not to be inferred from those identical words, so as to affect the power of removal, given to the Mayor by statute. Putting the two ordinances together, the Jail Visitors are clearly in a very different position from the School Commissioners. The School Commissioners have a clear-cut term of four years, given expressly and with the emphasis of reiteration. The Jail Visitors can only claim a fixed term of two years by inference from biennial appointment, and biennial appointment is expressly declared incapable of raising such inference, and insufficient to prevent removal by the Mayor under the statute.

Fully sensible of the difficulty, learned counsel for the petitioner now contend that the declaratory ordinance was validly repealed by one of the numerous ordinances (Ordinance No. 13) passed over the veto of Mayor Hooper on the 9th of March, 1896. It is not deemed necessary to go into the argument, inasmuch as since the alleged repeal, the declaratory ordinance has been recognized by the Court of Appeals as valid and subsisting municipal legislation. In Hooper vs. Farnen, 85 Md.

768

598, Section 46 is set forth at large in the decision, its scope and effect considered, and its import determined. "It's import is that when the phrase bi-annual appointment or other equivalent expression is used in ordinances relating to municipal offices it shall not be treated as establishing a fixed and definite term." 85 Md., 598. After careful consideration, the section was held not applicable to the case of the School Commissioners for the reason already mentioned, that the ordinance under which the School Commissioners hold gave them a fixed term in plain and positive language, and did not leave the tenure to be inferred from "the phrase bi-annual appointment or other equivalent expression." But the same reasoning which points out the inapplicability of Section 46 to the case of the School Commissioners also demonstrates *e converso* its applicability to the case of the Jail Visitors.

The case then stands in this way: The alleged repealing ordinance has been judicially assumed, and, it might be added, if the question were an open one, necessarily assumed, within the scope of a decision to be now cited, as void throughout. Hooper vs. Creager, 84 Md., 195. Void throughout, as an inseparable part of a consistent but *ultra vires* scheme of municipal legislation, designed to extinguish the Mayor as a co-ordinate factor in the whole system of municipal office-holding. An inseparable part of the whole scheme, since in order to its consummation, it was as necessary to cripple the Mayor's power of removal as it was to strike down his initiative in municipal appointments. The repeal of Section 46 was therefore undoubtedly indispensable to the success of the scheme, because to leave the Mayor in possession of the power to remove the appointees of the Councils as fast as the Councils elected them would only be to leave the Councils and their scheme at the Mayor's mercy and to leave the Mayor in command of the situation. Notwithstanding such attempted repeal, the declaratory ordinance (Section 46) is judicially and intelligently recognized as in full force, and its effect is defined as denying to the phrase "biennial appointment" the implication of a "fixed and definite term." Hooper vs. Farnen, 85 Md. 598.

The Jail Visitors have no other claim to a fixed and definite term than by means of this prohibited implication from a "biennial appointment." There is no other "law or ordinance" upon the subject. That being so, the conclusion necessarily follows that the Jail Visitors, unlike the School Commissioners, "hold their respective offices during the pleasure of the Mayor." Code P. L. L., Art. IV, Sec. 31.

If they hold "during the pleasure of the Mayor," then clearly the Mayor has the power to remove. This also has been adjudicated.

"In those instances," says the Court, by Chief Judge McSherry, "where the duration of the term is not fixed, the statute limits the tenure to the pleasure of the Mayor, or, in other words, provides that all officers for whom a definite term is not prescribed shall hold merely at will, and the power to remove in such cases is essentially included in the power to terminate the tenure." Hooper vs. Farnen, 85 Md., 597.

The proposition thus clearly announced decides this case, and when taken in connection with the equally clear definition of the import of section 46, hereinbefore quoted from 85 Md., 598, leaves no room for further discussion.

It will thus be seen that the question as submitted by the pleadings in this case is a purely technical one, and narrow at that. Into the merits or demerits of the unfortunate controversy between the Visitors and the Mayor it is not the province of this Court to inquire. This Court is confined to the naked legality of the Mayor's action, without regard to its propriety. Bad faith is not charged, and there is no issue of fraud.

The case is simply one of a familiar class where the law has confided to a responsible official a large discretionary power. So long as that discretion is exercised in good faith within the limits of the law the Courts have no power to control it. For an unwise exercise of such discretionary powers the officers' responsibility is elsewhere.

If it be asked whether, in point of principle, there is any substantial reason for the existing distinction between the School Board and the Jail Board as regards their tenure of office, it may

be answered that no reason is apparent except that such happens to be the present spelling of the law. The anomaly, if it be one, may be at any time removed by the passage of an ordinance, and even without additional legislation will disappear, along with some other difficulties that might be mentioned, as soon as the new charter goes into full effect. Under the new charter for the City of Baltimore, municipal office-holders, including members of boards, are probationers for the first six months, subject to removal, after which they hold fixed terms and are only removable for cause. (Section 25 of Article IV, P. L. L., as amended by 1898, ch. 123.)

Two other judges of the Supreme Bench of Baltimore City have heretofore been made familiar with the controversy in the City Hall over the functions and powers of the Mayor, of which the pending case is the latest phase. Accordingly, Judge Ritchie and Judge Wickes have been consulted and have examined the pleadings and very full briefs of counsel. Each of these judges, independently, has arrived at the same conclusion as that indicated, which is that the petitioner is not entitled to writ of mandamus.

An order will be passed to that effect.